1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

UNITED STATES OF AMERICA,

8                              Plaintiff,

9            v.

10   HILARIO ORTIZ-CALDERON,

11                              Defendant.

12

CASE NO. CR15-5133 BHS

ORDER DENYING
DEFENDANT'S MOTION TO
STRIKE TESTIMONY AND
GRANTING IN PART AND
DENYING IN PART
DEFENDANT'S MOTION TO
COMPEL DISCOVERY

13

14        This matter comes before the Court on Defendant Hilario Ortiz-Calderon's

15   ("Ortiz-Calderon") motion to strike testimony (Dkt. 101) and motion to compel discovery

16   (Dkt. 103).  The Court has considered the pleadings filed in support of and in opposition

17   to the motions and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL AND FACTUAL BACKGROUND**

18        On February 26, 2015, a grand jury returned an indictment charging Ortiz-

19   Calderon with (1) possession of methamphetamine with intent to distribute, (2) felon in

20   possession of a firearm, and (3) illegal reentry after deportation.  Dkt. 12.

21
22

1          On June 8, 2015, the Government provided the defense with a chemical analysis

2    report that the DEA Laboratory prepared for the substance seized from Ortiz-Calderon.

3    Dkt. 110-1, Ex. A.  In analyzing the substance, the DEA Laboratory conducted

4    qualitative and quantitative testing.  *Id.* at 3.  According to the report, the substance in

5    question was methamphetamine.  *Id.*  The report further states the methamphetamine

6    weighed 205.7 net grams, had a purity of 97.9%, and contained 201.3 net grams of pure

7    methamphetamine.  *Id.*

8          On January 27, 2016, the defense requested seven categories of documents related

9    to the DEA Laboratory's testing.  Dkt. 110-1, Ex. B at 6–7.  On February 10, 2016, the

10   Government provided additional documents obtained from the DEA Laboratory,

11   including a transmittal of requested materials and the chemist's file.  Dkt. 110-1, Ex. C;

12   Dkt. 110-2, Ex. D.  The transmittal states that "[a]ny request for additional information

13   should be forwarded to the laboratory in writing."  Dkt. 110-1, Ex. C.  The defense did

14   not request additional information.

15         On April 8, 2016, the defense provided the Government with a report prepared by

16   Dr. Neil Spingarn ("Dr. Spingarn"), who reviewed the testing conducted by the DEA

17   Laboratory.  Dkt. 110-4, Ex. E.  The Government interviewed Dr. Spingarn by phone on

18   April 29, 2016.  Dkt. 110-4, Ex. F.  Although Dr. Spingarn agreed the substance was

19   methamphetamine, he challenged the reliability of the DEA Laboratory's findings as to

20   the purity of the methamphetamine.  *See id.*; *see also* Dkt. 110-4, Ex. E.  Dr. Spingarn

21   also indicated he would like to test a sample of the methamphetamine.  Dkt. 110-4, Ex. F.

22

1    On May 3, 2016, the Government asked the defense if there were any outstanding

2    requests that should be addressed.  Dkt. 110, Ex. G.  The defense informed the

3    Government that there were not.  *Id.*

4    On May 9, 2016, the parties filed a stipulated motion for orders authorizing testing

5    of the methamphetamine by Dr. Spingarn.  Dkt. 88.  The motion indicated the defense

6    had agreed to the procedures for testing outlined in the proposed orders.  *See id.* at 3.  The

7    Court signed the orders during a status conference that day.  Dkt. 91.  The defense did not

8    raise any concerns about discovery during the status conference.  *See id.*

9    On May 16, 2016, Dr. Spingarn advised the Government that he did not like the

10   procedures for testing the methamphetamine.  Dkt. 110-4, Ex. H.  The defense proposed

11   modifying the orders for testing, but the Government explained that it could not agree to

12   the proposed changes because they were inconsistent with DEA protocol.  *Id.*  Dr.

13   Spingarn did not ultimately test the methamphetamine.

14   On June 10, 2016, the Government provided the defense with the curriculum vitae

15   of Esther Chege ("Chege") as a potential rebuttal witness.  Dkt. 110-4, Ex. J.

16   On June 15 and 16, 2016, the Court held a bench trial.  Dkts. 99, 100.  Because

17   Ortiz-Calderon previously pled guilty to illegal reentry and felon in possession of a

18   firearm, Dkts. 51 & 91, the only count at trial was possession of methamphetamine with

19   intent to distribute.  During trial, Dr. Spingarn testified.  Dkt. 100.  The Government also

20   called Chege as a rebuttal witness to address Dr. Spingarn's testimony.  *Id.*

21   On June 16, 2016, Ortiz-Calderon moved to strike Chege's rebuttal testimony,

22   asserting discovery violations.  Dkt. 101.  On June 17, 2016, the Court heard argument

1  from the parties on the motion to strike.  Dkt. 102.  The Court directed the defense to

2  provide further clarification about the discovery sought and continued the bench trial to

3  August 8, 2016.[1]  *Id.*

4        On June 21, 2016, Ortiz-Calderon moved to compel discovery.  Dkt. 103.  On July

5  1, 2016, the Government responded.  Dkt. 110.  On July 7, 2016, Ortiz-Calderon replied.

6  Dkt. 111.  On July 12, 2016, the Government filed a supplemental response.  Dkt. 114.

7                                   **II. DISCUSSION**

8        Ortiz-Calderon seeks to strike Chege's testimony, arguing the Government failed

9  to comply with its discovery obligations under Federal Rule of Criminal Procedure 16.

10  Dkt. 101.  Ortiz-Calderon also seeks to compel the production of ten categories of

11  documents related to the DEA Laboratory's testing of the methamphetamine.  Dkt. 103.

12        Under Rule 16, the Government must "disclose to the defendant any documents or

13  objects that are material to preparing the defense, or that the government intends to use in

14  its case-in-chief at trial."  *United States v. Cedano-Arellano*, 332 F.3d 568, 571 (9th Cir.

15  2003).  "To obtain discovery under Rule 16, a defendant must make a prima facie

16  showing of materiality."  *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990).

17  Evidence is material if it is "relevant to the development of a possible defense."  *Id.*

18  "Neither a general description of the information sought nor conclusory allegations of

19  materiality suffice; a defendant must present facts which would tend to show that the

20  Government is in possession of information helpful to the defense."  *Id.*

21  _____

22        [1] Pursuant to the Government's unopposed request, the bench trial was reset for August
    17, 2016.  Dkt. 113.

1    With respect to the motion to strike, the Court finds that the Government has not

2    violated its discovery obligations under Rule 16.  The Government provided the defense

3    with all of the lab reports and results in this case, as well as the chemist's file and written

4    summaries of expert witness qualifications.  *See* Dkt. 110-1, Ex. A; Dkt. 110-2, Ex. D;

5    Dkt. 110-4, Exs. K, L.  Notably, the methamphetamine was available for retesting by the

6    defense's expert, Dr. Spingarn.  The Government also asked the defense if there were any

7    outstanding issues that needed to be addressed before trial and the defense advised the

8    Government that there were not.  Finally, the defense did not request additional

9    documents or file a motion to compel discovery prior to trial.  For these reasons, the

10    Court denies the motion to strike.

11    As for the motion to compel, the Court grants the motion to the extent the

12    Government has already produced the data pertaining to the traceability of the standards

13    used in the quantitative testing.  The disputed issue in this case is the purity of the

14    methamphetamine.  To determine the purity of the methamphetamine, the DEA

15    Laboratory conducted quantitative testing.  Dkt. 110-1, Ex. A at 3.  In his report and at

16    trial, Dr. Spingarn challenged the reliability of the DEA Laboratory's quantitative testing

17    because (1) he did not have data showing that the standards used in the quantitative

18    testing were stable, and (2) he did not know the traceability of the standards that were

19    used.  *See* Dkt. 110-4, Ex. E at 5–6; Dkt. 106 at 88–89, 115–16.  In light of Dr.

20    Spingarn's testimony, the traceability of the standards used in the quantitative testing is

21    material.  The defense, however, has failed to demonstrate the additional information

22

1  sought is material to the Court's determination of the facts.  Accordingly, the motion to

2  compel is denied as to all other requests.

3  **III. ORDER**

4      Therefore, it is hereby **ORDERED** that Ortiz-Calderon's motion to strike

5  testimony (Dkt. 101) is **DENIED** and motion to compel discovery (Dkt. 103) is

6  **GRANTED in part** and **DENIED in part** as stated herein.

7      Dated this 28th day of July, 2016.

8

9

10  BENJAMIN H. SETTLE
   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22