UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>   v.<br><br>HILARIO ORTIZ-CALDERON,<br><br>              Defendant. | CASE NO. CR15-5133 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

This matter comes before the Court on Defendant Hilario Ortiz-Calderon's Motion to Reduce Sentence, Dkt. 190. The Court has considered the briefing filed in support of and in opposition to the motion and the remainder of the file and denies the motion for the reasons stated below.

**I. BACKGROUND**

In June 2015, Ortiz-Calderon was charged in a superseding indictment with Possession of Methamphetamine with Intent to Distribute in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(A), Felon in Possession of a Firearm in violation of 21 U.S.C. § 922(g)(1), and Illegal Re-Entry After Deportation in violation of 8 U.S.C. § 1326(a). Dkt. 24. Ortiz-Calderon pled guilty to Illegal Re-Entry After Deportation in December

2015, Dkt. 51, and to Felon in Possession of a Firearm in May 2016, Dkt. 91. The Court found Ortiz-Calderon guilty of Possession of Methamphetamine after a four-day bench trial. Dkt. 121. Ortiz-Calderon was sentenced to 132 months custody followed by five years of supervised release. Dkt. 152. Ortiz-Calderon is currently housed at the Federal Correctional Institution in Victorville, California ("FCI Victorville") and is scheduled to be released on June 4, 2024.

Ortiz-Calderon filed a pro se motion to reduce sentence in January 2019. Dkt. 176. In that motion, Ortiz-Calderon presented a collateral attack on his sentence based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The Court therefore treated the motion as a motion to correct a sentence under 28 U.S.C. § 2255. Dkt. 188. It was Ortiz-Calderon's second § 2255 motion and was not certified by the Ninth Circuit as required under § 2255(h). Therefore, the Court denied that motion. *Id.*

Ortiz-Calderon filed the instant motion to reduce sentence, pro se, on November 17, 2021. Dkt. 190. He expresses apprehension over contracting COVID-19 and seems to assert that he is suffering from symptoms of "long COVID." *Id.* The Government opposes the motion, arguing that Ortiz-Calderon failed to exhaust his administrative remedies and failed to present extraordinary and compelling reasons justifying a reduction in sentence.[1] Dkt. 196.

---

[1] The Government's unopposed Motion for Leave to File Over-Length Brief, Dkt. 195, and unopposed Motion to Seal Document, Dkt. 197, are GRANTED.

## II. DISCUSSION

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended § 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for a reduction in sentence (also known as compassionate release):

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;
> ***
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prison's ("BOP") failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the

requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement. *See id.*

The Sentencing Commission's policy statement referenced in 18 U.S.C. § 3582(c)(1)(A)(i) provides, in relevant part:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> ***
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

United States Sentencing Guidelines ("USSG") § 1B1.13. However, the Ninth Circuit has held that § 1B1.13 is inapplicable to defendant-initiated motions for compassionate release, joining the many circuits across the country. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) ("We agree with the persuasive decisions of our sister circuits and also hold that the current version of U.S.S.G. § 1B1.13 is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." (internal citation omitted)). *See also United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020). Rather, USSG § 1B1.13 is helpful guidance to the Court when exercising its discretion.

Therefore, on a defendant-initiated motion under the First Step Act, the defendant must show that they have exhausted their administrative remedies and that they have

extraordinary and compelling reasons to warrant their release, and the Court must consider the sentencing factors under 18 U.S.C. § 3553(a).

**A.     Exhaustion of Administrative Remedies**

The Government argues that Ortiz-Calderon failed to exhaust his administrative remedies because he failed to attach evidence of exhaustion to his motion. Dkt. 196 at 5. The Government points out that Ortiz-Calderon filed a "Request for Administrative Remedy" on September 28, 2020 when he was detained at Reeves County Detention Center and that he attached that document as an exhibit to his prior motion to reduce sentence. *Id.*; *see also* Dkt. 176-1. The Government asserts that Ortiz-Calderon did not submit an application to the warden of FCI Victorville and that he did not attach any evidence of exhaustion to the instant motion. Dkt. 196 at 5.

But Ortiz-Calderon did attach an "Inmate Request to Staff" as an exhibit to the instant motion. *See* Dkt. 190-1. That document is addressed to "Warden" and is dated October 11, 2021. It states that he is "requesting compassionate release under 18 U.S.C. § 3582(c) due to 'extraordinary and compelling' reasons due to coronavirus COVID-19 pandemic." *Id.* That document was filed more than 30 days before Ortiz-Calderon filed his motion to reduce sentence on November 17, 2021, and there is no indication that BOP or FCI Victorville's warden ever responded. Moreover, the Government does not address this document or why it does not constitute exhaustion in this case.

Therefore, the Court concludes that Ortiz-Calderon satisfied the First Step Act's exhaustion requirement.

B.  **Extraordinary and Compelling Reasons**

The Court considers a non-exhaustive list of factors other federal courts have considered in determining whether a defendant has extraordinary and compelling reasons for compassionate release in the context of COVID-19:

> (i) whether the inmate is at higher risk because of his or her age and/or race, *see United States v. Young*, No. CR19-5055 BHS, 2020 WL 2614745, at *3 (W.D. Wash. May 22, 2020); (ii) whether the inmate has one or more, medically-documented, chronic health conditions that render him or her more vulnerable to COVID-19, *see United States v. Locke*, No. CR18-0132 RAJ, 2020 WL 3101016, at *4 (W.D. Wash. June 11, 2020) (observing that the movant's health issues were "not merely self-diagnosed," but rather "medically documented and verified"); *United States v. Rodriguez*, No. 2:03-cr-00271-AB-1, 2020 WL 1627331, at *7 (E.D. Pa. Apr. 1, 2020) (inmate with type 2 diabetes, obesity, hypertension, and liver abnormalities was in a "higher risk category"); (iii) the fatality rate for individuals with similar health conditions as compared with the overall fatality rate for COVID-19, *see id.* (summarizing COVID-19 fatality rates); *United States v. Pippin*, No. 16-0266, 2020 WL 2602140, at *1 (W.D. Wash. May 20, 2020) (granting a motion brought by a defendant suffering from pancytopenia, which is associated with an "over fivefold enhanced risk of severe COVID-19"); (iv) whether the inmate has previously tested positive for the coronavirus that causes COVID-19 and, if so, whether the inmate suffers from any long-term effects of the disease, *see United States v. Reynolds*, No. 2:18-cr-00131-RAJ, 2020 WL 3266532, at *3–4 (W.D. Wash. June 17, 2020) (denying a motion for compassionate release brought by an inmate who recovered from and was "not suffering from any reported lingering symptoms" related to COVID-19); and (v) whether the inmate's release is expected to reduce the risk of him or her contracting COVID-19, see *United States v. Sandoval*, No. CR14-5105RBL, 2020 WL 3077152, at *5 (W.D. Wash. June 10, 2020) (declining to release a defendant to a situation that "would likely place him at greater risk").

*United States v. Grubbs*, No. CR16-228 TSZ, 2020 WL 3839619, at *2 (W.D. Wash. July 8, 2020).

The Court finds these factors useful, instructive, and consistent with the analysis of extraordinary and compelling reasons the Court has engaged in with COVID-19 cases.

*See, e.g.*, *Young*, 2020 WL 2614745, at *3 (a 64-year-old African American defendant who suffers from hypertension and chronic kidney disease presented extraordinary and compelling reasons); *United States v. Lint*, No. CR18-5152 BHS, 2020 WL 4698815, at *2 (W.D. Wash. Aug. 13, 2020) (a defendant housed at a federal correctional institution that had only two inmates infected with COVID-19 did not present an extraordinary and compelling reason); *United States v. Gray*, No. CR16-5600 BHS, 2020 WL 5759792, at *2–3 (W.D. Wash. Sept. 28, 2020) (a relatively young female defendant with a Body Mass Index of 32.1, while obese, did not present sufficient evidence of extraordinary and compelling reasons without additional evidence of other risk factors). The Court has discretion to consider the factors provided in determining whether Ortiz-Calderon has extraordinary and compelling reasons. *See Aruda*, 993 F.3d at 801 ("district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (emphasis and alteration in original)).

Ortiz-Calderon seems to suggest that he is suffering from "long-COVID" which has resulted in depression, anxiety, a weakened immune system, fatigue, a racing heartbeat, sleep problems, a change in appetite, back pain, headaches, and muscle fatigue. Dkt. 190 at 8; Dkt. 190-1 at 1. Ortiz-Calderon also expresses general fear over COVID-19 and of re-contracting the virus while in prison. *See, e.g.*, Dkt. 190 at 8.

Ortiz-Calderon does not assert he has any other underlying medical conditions that would make him more susceptible to contracting the virus. While it appears to be disputed whether Ortiz-Calderon previously contracted COVID-19, *compare* Dkt. 190 at

8 *with* Dkt. 196 at 8–9, he was vaccinated against the virus in May and June of 2021, *see* Dkt. 198 at 17. The risk he will suffer severe illness if he is infected (or re-infected) with COVID-19 is significantly mitigated by his vaccine. Ortiz-Calderon's general anxieties over contracting the virus are by no means unique and do not amount to extraordinary and compelling circumstances. While being fully vaccinated is not conclusive on a motion for compassionate release, it is consistent with this Court's precedent to find that absent a specific showing that the defendant themselves remains particularly susceptible to infection, vaccination cuts against a finding of extraordinary and compelling reasons. *See, e.g.*, *United States v. Ballenger*, No. CR16-5535 BHS, 2021 WL 308814, at *4 (W.D. Wash. Jan. 29, 2021).

Further, assuming that Ortiz-Calderon did previously contract COVID-19, the fact that he continues to experience sequelae from having contracted COVID-19 puts him in no different circumstances than many prisoners living in custody with chronic medical conditions.

The defendant has the burden to establish his entitlement to compassionate release. He has not met that burden. Ortiz-Calderon's motion for compassionate release is, therefore, denied without prejudice.[2]

---

[2] Because Ortiz-Calderon has not established extraordinary and compelling reasons to warrant compassionate release, the Court will not consider the § 3553(a) factors.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Defendant Hilario Ortiz-Calderon's Motion to Reduce Sentence, Dkt. 190, is **DENIED** and that the Government's Motion for Leave to File Over-Length Brief, Dkt. 195, and Motion to Seal, Dkt. 197, are **GRANTED**.

Dated this 12th day of January, 2022.

BENJAMIN H. SETTLE
United States District Judge