UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>HILARIO ORTIZ-CALDERON,<br><br>　　　　　Defendant. | CASE NO. 3:15-cr-05133-BHS<br><br>ORDER |

This matter is before the Court on Defendant Hilario Ortiz-Calderon's motion to reduce his sentence. Dkt. 200. Ortiz-Calderon does not qualify for a sentence reduction under the Status Points or Zero-Point Offender provisions of Amendment 821 to the Sentencing Guidelines. His motion is denied.

### I.　BACKGROUND

In February 2015, a grand jury charged Ortiz-Calderon with one count of possession of methamphetamine with intent to distribute (Count 1), one count of felon in possession of a firearm (Count 2), and one count of illegal re-entry after deportation (Count 3). Dkt. 12. Ortiz-Calderon pleaded guilty to Counts 2 and 3, and was convicted after a bench trial on Count 1. *See* Dkt. 148, ¶¶ 1-4. Ortiz-Calderon was on federal

ORDER - 1

supervised release[1] when he committed these crimes. Consequently, at sentencing, two "status points" were added to his criminal history pursuant to the guidelines[2] in effect at the time, bringing his total criminal history points to five.[3] *Id.* ¶ 39. The Court imposed a below-range custodial term of 132 months for Counts 1 and 3, 120 months for Count 2, and 24 months for the contemporaneous supervised release violation in CR08-5312-BHS, all to run concurrently. Dkt. 152 at 2. When he completes his sentence on July 1, 2024, he will be released to the immigration detainer for removal proceedings.

Ortiz-Calderon moves for a reduced sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the Sentencing Guidelines. Dkt. 200. It is unclear from his motion whether he seeks reduction under the Status Points provision or the Zero-Point Offender provision, or both. The Government opposes a sentence reduction. Dkt. 203. It concedes that the amended Status Points provision lowers his criminal history category, but asserts he is still ineligible for reduction because his original sentence is already below the low end of the amended guideline range. *Id*. at 5. It argues further that his criminal history points categorically disqualify him for the Zero-Point offender reduction. *Id*.

---

[1] The 2008 case that he was on supervised release for is *USA v. Ortiz-Calderon*, CR08-5312-BHS.

[2] The version of USSG § 4A1.1(d) at the time dictated the status points. As is explained later in this order, the Sentencing Commission recently amended the status points provision.

[3] The three other points resulted from a prior federal conviction for one count of possession of methamphetamine with intent to distribute. Dkt. 148, ¶ 38.

## II.  DISCUSSION

Under 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). A district court may reduce a defendant's sentence under the following limited circumstances:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

A defendant may move to reduce his or her sentence under 18 U.S.C. § 3582(c)(2) pursuant to the "Status Points" provision or the "Zero-Point Offender" provision of Amendment 821 to the Sentencing Guidelines.[4] The Sentencing Commission has determined that both of these provisions apply retroactively. *See* USSG § 1B1.10.

Under the new Status Points provision, a person who presents seven criminal history points or more receives only one additional "status" criminal history point, instead of the two points that were imposed in the previous version of this subsection, and a person who otherwise has six criminal history points or fewer receives no status points.

---

[4] The Status Points provision appears in Part A of Amendment 821, at section 4A1.1(e). The Zero-Point Offender appears in Part B, Subpart 1 to Amendment 821, in Section 4C1.1.

ORDER - 3

USSG § 4A1.1(e). The Zero-Point Offender provision provides a two offense-level reduction for offenders who have zero criminal history points and meet nine additional requirements. USSG § 4C1.1.

The Supreme Court in *Dillon* mandated a two-step approach for district courts to follow in applying a retroactive guideline amendment to reduce a sentence under § 3582(c)(2). *Dillon*, 560 U.S. at 819. Because Ortiz-Calderon fails at the first step, the Court summarizes only that step:

> § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Ibid*.
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A).

*Id*. at 827.

In short, the Court determines whether Ortiz-Calderon would have qualified for a reduction under the updated Status Point or Zero-Point Offender provisions at the time of

his sentencing. Even if he would have qualified, the Court cannot not reduce his term of imprisonment to less than the low end of the amended guideline range.[5]

Although the new Status Points provision reduces Ortiz-Calderon's criminal history category, the Court cannot reduce his sentence because his original sentence is already below the low end of the revised range. At the time of sentencing, he had two status points for being under a criminal justice sentence at the time he committed his federal offenses. Dkt. 148 ¶ 39. As a result, his total criminal history points were increased from three to five under the former status point provision. *Id*. Under the updated status point provision, zero status points would be imposed, making a revised total of three criminal history points. *See* USSG § 4A1.1(e) (2023 Ed.). This reduces Ortiz-Calderon's criminal history Category from III to II (2 or 3 points) and reduces his applicable sentencing range from 188 to 235 months to 135 to 168 months. *Compare* Dkt. ¶ 64 *to* USSG Chapter 5, Part A (Sentencing Table). The Court originally sentenced Ortiz-Calderon to 132 months, which is already below the low end (135 months) of the new range. The Court therefore cannot reduce his sentence further. USSG § 1B1.10(b)(2)(A).

The Court also cannot reduce Ortiz-Calderon's sentence under the Zero-Point Offender provision because he fails to meet the threshold requirement. The provision requires that "the defendant did not receive any criminal history points from Chapter Four, part A." USSG § 4C1.1 (a)(1). At the time of sentencing, Ortiz-Calderon scored

---

[5] The only exception to this is for cases involving substantial assistance departures, which does not apply to Ortiz-Calderon. USSG § 1B1.10(b)(2)(B).

ORDER - 5

three criminal history points pursuant to USSG § 4A1.1(a) for a previous federal conviction for possession of methamphetamine with intent to distribute. Dkt. 148 ¶¶ 38–39.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Ortiz-Calderon's motion to reduce his sentence, Dkt. 200, is **DENIED**.

Dated this 12th day of June, 2024.

BENJAMIN H. SETTLE
United States District Judge